Erin Hogan-Freemole, OSB # 212850
Crag Law Center
3141 E. Burnside St.
Portland, Oregon 97214
971-417-6851
erin@crag.org

David A. Bahr OSB # 901990
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439
davebahr@mindspring.com

*Plaintiff's Counsel*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **GREATER HELLS CANYON COUNCIL**, a non-profit Oregon Corporation,<br><br>*Plaintiffs*<br><br>**UNITED STATES DEPARTMENT OF AGRI-CULTURE**, an Executive Department of the United States of America; and **UNITED STATES FOREST SERVICE**, an Administrative Agency of the United States Department of Agriculture,<br><br>*Defendants* | Case No.:<br><br><br>**COMPLAINT**<br><br>**Freedom of Information Act (5 U.S.C. § 552)** |

## INTRODUCTION

1.      In this action, brought pursuant to the Freedom of Information Act ("FOIA" or

"the Act"), 5 U.S.C. § 552, or, in the alternative, the Administrative Procedure Act ("APA"), 5

U.S.C. §§ 701–706, the Greater Hells Canyon Council ("the Council") challenges the unlawful

acts and omissions of the U.S. Forest Service ("Forest Service" or "the Agency") and the U.S.

COMPL. FOR DECLARATORY & INJUNCTIVE RELIEF - 1

Department of Agriculture ("USDA") (collectively, "Defendants") in relation to the Council's FOIA requests filed in 2015 and 2021.

2.      As background to this Complaint, the "Forest Management Direction for Large Diameter Trees in Eastern Oregon and Southeastern Washington" ("Eastside Screens" or "Screens") is a set of rules adopted by the Forest Service which barred logging large, old trees on six National Forests throughout eastern Oregon and Washington. The Screens generally proscribed the cutting and removal of trees measuring over 21 inches in diameter at breast height ("the 21-inch rule"). As part of its work to monitor, protect, and advocate for public lands in this area, the Council has long had an interest in the proper and lawful application of the Eastside Screens.

3.      In 2015, the Council submitted a FOIA request for agency documents pertaining to the Forest Service's implementation of, and any potential amendments to, the Eastside Screens.

4.      Despite numerous inquiries from the Council, the Forest Service did not complete its response to this request for nearly six years—until April of 2021—and it withheld or redacted many of the requested documents without legally adequate explanation.

5.      In July 2021, the Council timely appealed the Forest Service's unlawful response to its 2015 request, but as of this complaint's filing date, the agency has not made a final decision nor even substantively responded to the Council's appeal as required by FOIA.

6.      In January 2021, the Forest Service released the "Forest Plans Amendment to Forest Management Direction for Large Diameter Trees in Eastern Oregon and Southeastern Washington" ("Screens Amendment"), amending the Eastside Screens and revoking the 21-inch rule.

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

7.      Shortly after the Screens Amendment's release, the Council submitted two FOIA requests for Forest Service records related to the preparation and completion of the Screens Amendment Environmental Assessment ("EA") and Decision Notice ("DN")/Finding of No Significant Impact ("FONSI").

8.      The Council's 2021 FOIA requests explained that it wished to publicly illuminate and understand the basis for and potential impacts of the Screens Amendment, which removed the Forest Service's longstanding prohibition on logging large trees across more than 7 million acres of national forestlands on 6 national forests.

9.      Out of over 39,000 pages of responsive records the Forest Service says it reviewed, it partially or fully redacted 226 pages and entirely withheld 22,870 pages (approximately 60% of the total pages reviewed) plus 2.47 gigabytes of raw data, shape files and data files, releasing in full only 15,874 pages (only 40% of the total pages reviewed) of records.

10.      The Council timely appealed the Forest Service's response to its 2021 requests, but as of this complaint's filing date, the agency has neither made a final decision nor substantively responded to the Council's appeal as required by FOIA.

11.      The Defendants' unlawful withholding of responsive records and failure to timely respond to the Council's FOIA requests and administrative appeals violate FOIA or, in the alternative, the APA.

12.      The Defendants' failure to disclose the requested documents or respond to the Council's appeal causes concrete and ongoing injuries to the Council, as it relies on such public records in its ongoing public outreach, education, and government "watchdog" efforts.

COMPL. FOR DECLARATORY AND
INJUNCTIVE RELIEF - 3

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

**13.**    The Council seeks injunctive relief requiring the disclosure of all non-exempt portions of the requested documents and a judicial declaration that the Defendants violated FOIA or, in the alternative, the APA.

**14.**    Should the Council prevail, it will seek an award of reasonable attorneys' fees and litigation costs pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, 28 U.S.C. §§ 2412 *et seq.*, or other applicable authorities.

## JURISDICTION AND VENUE

**15.**    This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the APA.

**16.**    Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) which provides venue for FOIA cases in this District because the agency records in question are located in this district. Further, the Forest Service office responding to the Council's FOIA's requests is in this judicial district. For these reasons, venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and (e) because a significant portion of the events, and the people and records to which they pertain, are located in Oregon and defendants are federal agencies. Assignment in this judicial division is proper for the same reasons.

**17.**    Declaratory relief is appropriate under 28 U.S.C. § 2201.

**18.**    Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

**19.**    Plaintiff GREATER HELLS CANYON COUNCIL is a regional nonprofit organization based in La Grande, Oregon with approximately 1,000 members. For over 50 years, the Council's mission has been to connect, protect, and restore the wild lands, waters, native species

COMPL. FOR DECLARATORY AND
INJUNCTIVE RELIEF - 4

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

and habitats of the greater Hells Canyon region, ensuring a legacy of healthy ecosystems for future generations. The Council organizes groundtruthing events, monitoring programs, and volunteer opportunities in the forests which will be affected by the Screens Amendment.

20.    To achieve its goals, the Council often requests information regarding federal programs and activities through FOIA. The Council uses this information to inform the public of federal actions impacting the Greater Hells Canyon area by presenting the material to its members and supporters, as well as members of other conservation organizations, through its newsletter, social media, blog, and email alerts; participating in other public forums, such as local government hearings; and encouraging its members and supporters to participate in federal decisionmaking.

21.    The Council uses information obtained through FOIA requests to ensure that timber sales and other management actions on public lands comply with federal laws including the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600–1614, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370h, and the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531–1544.

22.    The Council and its staff, members, and supporters have been actively involved in commenting on, objecting to, and in some instances, litigating Forest Service projects throughout the areas which will be affected by the Screens Amendment, for which the Council provided detailed comments.

23.    The Defendants' continuing failure to properly disclose the requested records or respond to the Council's appeal harms the Council's ability to obtain and use public information in its ongoing public outreach, environmental education, and government "watchdog" efforts.

24.    The Council and its staff, members, and supporters are thus directly injured by the

Defendants' failure to comply with FOIA, and a favorable outcome of this litigation will redress that injury. The Council brings this suit on behalf of itself, its staff, and its members.

25.    Defendant UNITED STATES FOREST SERVICE is an agency within the USDA entrusted with the management of our national forests. The Forest Service is in possession, custody, or control of the records sought by the Council and, as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f). The Forest Service's Regional Office in Portland, Oregon received and responded to the Council's FOIA requests, unlawfully withholding thousands of pages of responsive records and failing to demonstrate the adequacy of its records search.

26.    The Forest Service is obligated to respond to administrative appeals of its FOIA determinations within 20 business days of receipt. 7 C.F.R. § 1.9(b). The Forest Service acknowledged receipt of the Council's appeal on November 22, 2021, but at the time of this complaint's filing has not issued a decision.

27.    Defendant UNITED STATES DEPARTMENT OF AGRICULTURE is an agency of the executive branch of the United States government. The USDA, through the Forest Service, is in possession, custody, or control of the records sought by the Council and, as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f). The USDA's Office of the General Counsel must review and approve the Forest Service's denial of any FOIA appeal.

## LEGAL BACKGROUND

28.    FOIA's "basic purpose" is "to open agency action to the light of public scrutiny." *U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 272 (1976)). It was enacted "to ensure an informed citizenry, promote official transparency, and provide a check against government impunity." *Transgender Law Ctr. v. Immigr. & Customs Enf't*, 33 F.4th 1186 (9th Cir. 2022).

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

29.     In response to a FOIA request, an agency must conduct a reasonable search to find any responsive records. *Hamdan v. U.S. Dep't of Just.*, 797 F.3d 759, 770 (9th Cir. 2015). The agency bears the burden of demonstrating, "beyond a material doubt," that its search was "reasonably calculated to uncover all relevant documents." *Transgender Law Ctr.*, 33 F.4th at *11-13 (quoting *Hamdan*, 797 F.3d at 770).

30.     To achieve its goals of government transparency and accountability, FOIA "establish[es] a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965). Federal agencies must make records in their possession or control available to the public upon request, unless one of FOIA's specific and narrowly construed exemptions applies. 5 U.S.C. § 552(a) –(b).

31.     Consistent with FOIA's purpose of encouraging disclosure, these exemptions are discretionary, not mandatory. 7 C.F.R. § 1.5(e) (stating that USDA agencies may make discretionary releases of exempt records if not otherwise specifically prohibited); *Chrysler Corp. v. Brown*, 441 U.S. 281, 291 (1979). Withholding a record is permissible "only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption." 5 U.S.C. § 552(a)(8)(A).

32.     An agency bears the burden of proving that any document—or portion thereof—it seeks to withhold falls within one of FOIA's nine specific exemptions. 5 U.S.C. § 552(a)(4)(B). Agencies may not justify nondisclosure with conclusory or generalized allegations of confidentiality. *See Shannahan v. I.R.S.,* 672 F.3d 1142, 1148 (9th Cir. 2012).

33.     FOIA Exemption 5, 5 U.S.C. § 552(b)(5), ("Exemption 5") allows a federal agency to withhold records that it would not have to disclose in civil discovery, including inter- or intra-agency memoranda or letters covered by the deliberative process privilege ("DPP").

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

**34.**    Records withheld pursuant to Exemption 5's DPP must possess three characteristics. The record must: (1) document a communication between or among federal agency employees; (2) be pre-decisional; and (3) constitute a direct part of the deliberative process.

**35.**    Within a privileged document, any reasonably segregable portions that do not reflect the agency's deliberative process must be separated and disclosed. The agency must establish that all reasonably segregable portions of a document have been segregated and disclosed, and that any withheld records are within the scope of the claimed exemption.

**36.**    FOIA imposes strict deadlines on federal agencies. Within twenty working days of receiving a FOIA request, the agency must make a final decision that notifies the requestor the scope of the documents that the agency will produce, the scope of the documents that the agency believes exempt from disclosure, the reasons for any withholdings, and of the requester's right to appeal any adverse determination. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(6)(A)(i).

**37.**    Congress has set forth the circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances the agency may toll the twenty business-day deadline for making that determination. 5 U.S.C. § 552(a)(6)(A)(ii) (providing for up to a ten-day tolling period to allow an agency to seek information from a requester). Additionally, the agency may extend the twenty business-day deadline for making that determination for an additional ten business days by providing a written notice to the requester that sets forth the "unusual circumstances" that justify the deadline extension and the date on which the agency expects to make the determination. 5 U.S.C. § 552(a)(6)–(B)(ii). The statute includes a specific definition of the term "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(iii). And when the agency notifies a requester of unusual circumstances and the need for additional time, the agency's written notification "shall provide the

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Moreover, an agency asserting that unusual circumstances prevent its compliance with FOIA's deadlines "shall make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency." *Id*.

38.     If an agency denies all or part of a FOIA request, the requestor may appeal to the head of that agency. 5 U.S.C. § 552(a)(6)(A)(i). The agency must "make a determination with respect to [the] appeal within twenty [working] days" after receiving the appeal. 5 U.S.C. § 552(a)(6)(A)(ii); 7 C.F.R. § 1.9(b) (incorporating statutory deadline into USDA's FOIA regulations).

39.     Failure to timely respond to a FOIA request or appeal is itself a violation of the statute, regardless of the request's final outcome. 5 U.S.C. § 552(a)(6)(A)(ii). *See Or. Nat. Desert Ass'n v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D. Or. 2006), *aff'd in part, rev. on other grounds*, *Or. Nat. Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009); *see also Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F.Supp.3d 1074, 1089-1090 (N.D. Cal. 2015)

40.     A requestor has "exhausted his administrative remedies," 5 U.S.C. § 552(a)(6)(C)(i), and may sue in federal district court if the agency does not resolve an appeal within twenty working days of receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

41.     A federal district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

COMPL. FOR DECLARATORY AND
INJUNCTIVE RELIEF - 9

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

42.    Agency action arising under FOIA has also been subject to judicial review under the APA. *See, e.g., Gutierrez.*, 409 F.Supp.2d at 1248 (finding that violation of FOIA's decision deadline constitutes APA violation for an agency action that is not in accordance with the law).

43.    The APA authorizes district courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2).

## STATEMENT OF FACTS

### *The Council's 2015 FOIA Request and Appeal*:
### Request 2015-FS-R6-05247-F

44.    On August 18, 2015, the Council[1] requested records from the Forest Service's Portland Office regarding implementation of the Eastside Screens across Region 6, including a request for any and all project proposals currently under analysis and considering amendments to the Eastside Screens; any and all existing lists of approved forest plan amendments to the Eastside Screens in Region 6; and any and all internal communications between Region 6 personnel regarding potential amendments to the Eastside Screens.

45.    On September 2, 2015, the Forest Service acknowledged the Council's request, which it assigned control number **2015-FS-R6-05247-F** ("2015 Request"), and stated that it would advise the Council of the status of the agency's response within 20 workdays of receipt.

46.    The Forest Service did not produce any responsive documents in 2015. Nor, despite specific requests from the Council on August 18, 2015, and March 4, 2016; March 7, 2016;

---

[1] At the time of its 2015 FOIA request the Council was known as the Hells Canyon Preservation Council.

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

March 8, 2016; and April 13, 2016, did the agency provide an estimated date of completion for the request.

47.      On June 3, 2020, the Forest Service finally produced its first release of records in response to the Council's 2015 FOIA request. The disclosure consisted of 392 pages released in full.

48.      On June 24, 2020, the Forest Service produced a second release of responsive records. It released 343 pages in full, partially redacted 22 pages pursuant to FOIA Exemptions 4 and 5, and entirely withheld 32 pages pursuant to Exemption 5, invoking both the deliberative process and the attorney-client privileges.

49.      The Forest Service did not specifically identify the documents withheld or explain how either of the Exemption 5 privileges applied to the non-disclosed records.

50.      The Council repeatedly sought further updates on the status of its request, contacting the Forest Service on August 21, 2020; October 29, 2020; December 8, 2020; February 26, 2021; March 6, 2021; and March 21, 2021. The Forest Service did not respond or provide an estimated completion date as requested.

51.      On March 31, 2021, the Forest Service produced its third release of responsive records. It released 105 pages in full, partially redacted 91 pages pursuant to FOIA Exemptions 5 and 6, and fully withheld 33 pages pursuant to Exemption 5.

52.      The Forest Service did not specifically identify the documents withheld or explain how either of the Exemption 5 privileges applied to the non-disclosed records.

53.      On April 26, 2021, the Forest Service produced its final release of records in response to the Council's 2015 FOIA request.

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

**54.** In its final response, the Forest Service released 8,065 pages in full, partially re-dacted 1,439 pages pursuant to FOIA Exemptions 5 and 6, and fully withheld 357 pages pursuant to Exemption 5.

**55.** The Forest Service did not specifically identify the documents withheld or explain how either of the Exemption 5 privileges applied to the non-disclosed records.

**56.** On July 8, 2021, the Council administratively appealed the Forest Service's partial denial of its 2015 FOIA request.

**57.** In its appeal, the Council noted that the Forest Service had merely recited the general interests protected by the deliberative process and attorney-client privileges without explaining how they applied to the withheld records.

**58.** The Council explained that the Forest Service's actions violated FOIA and requested that it release the unlawfully withheld records.

**59.** On July 8, 2021, the USDA acknowledged receipt of the Council's appeal in its Washington Office and assigned it control number **2021-FS-WO-00121-A.** The Forest Service did not provide an estimated completion date, nor did it request an extension of the 20-day statutory deadline for appeal responses.

**60.** Under FOIA and the USDA's regulations, the final appeal decision was due on August 5, 2021. *See* 5 U.S.C. § 552(a)(6)(A)(ii); 7 C.F.R. § 1.9(b).

**61.** The Forest Service did not issue a final decision on the Council's appeal 2021-FS-WO-00121-A by August 5, 2021. In response to an inquiry from the Council, on August 6, 2021, the Forest Service stated that it was unable to provide an estimated completion date for the appeal.

62.     As of the date this action was filed, almost an entire year has passed since the Council filed its July 8, 2021 appeal, number 2021-FS-WO-00121-A.

63.     As of the date this action was filed, the USDA has failed to provide the Council with a written notice setting forth any unusual circumstances that would justify extension of the appeal determination deadline, as required by 5 U.S.C. § 552(a)(6)(B)(i), or an estimated date of completion, as required by 5 U.S.C. § 552(a)(7)(B)(ii).

64.     As of the date this action was filed, the USDA has failed to make a final determination resolving the Council's 2015 appeal, number 2021-FS-WO-00121-A.

### The Council's 2021 FOIA Requests and Appeal: Requests 2021-FS-R6-02689-F and 2021-FS-R6-03336-F

65.     On February 26, 2021, the Council submitted a new request to the FOIA coordinator of the Forest Service's Portland Office for all records related to the preparation and completion of the Screens Amendment EA and DN/FONSI. Specifically, the Council requested the "project record" referenced in the DN/FONSI and all correspondence regarding the Screens Amendment, including intra- and interagency correspondence and agency correspondence with the public.

66.     On April 7, 2021, the Council submitted another FOIA request for correspondence between the Forest Service and persons outside of the agency concerning, discussing, referencing, and/or pertaining to the Screens Amendment. The Council specifically requested communications between the Forest Service and the Department of Agriculture (including the Offices of the Secretary and Undersecretary); other federal agencies; local, state, and federal elected officials; and Native American tribes.

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

67.     The Council explained that it would use the requested information to educate its members and the general public and to further its mission to protect and restore Eastern Oregon and Southeastern Washington's ecosystems and wildlife habitats.

68.     On July 8, 2021, the Forest Service acknowledged both of the Council's FOIA requests and assigned them control numbers **2021-FS-R6-02689-F** and **2021-FS-R6-03336-F** (collectively, "2021 Requests"). The agency explained that it would combine the two requests and provide a "rolling" response.

69.     In its first response to the 2021 Requests, the Forest Service stated that it had reviewed 15,370 pages of responsive records. Of these, it had determined that 15,327 pages could be released in full and 2 pages fully withheld pursuant to Exemption 5's DPP. The Forest Service also stated that it had partially redacted 14 pages pursuant to the DPP; these pages were, in fact, entirely redacted.

70.     To justify the Exemption 5 DPP nondisclosures, the Forest Service stated that draft letters are deliberative internal processes and as such must be withheld. It did not specifically identify the pages withheld, nor did it explain how disclosure of the contents would harm an interest protected by Exemption 5's DPP.

71.     The Forest Service stated that agency personnel had searched in every place a reasonably knowledgeable person would know to look for electronic records pertaining to the Council's request. It did not provide further information explaining its search methods.

72.     On August 5, 2021, the Forest Service released its second response to the Council's 2021 Requests, for which the agency stated that it had reviewed 20,081 pages of responsive records. Of these, the Forest Service had determined that 516 pages could be disclosed in full and 19,565 pages fully withheld pursuant to Exemption 5's DPP.

73.     To justify the Exemption 5 DPP nondisclosures, the Forest Service stated that draft maps and raw data must be withheld. It did not specifically identify any of the documents withheld, nor did it explain how disclosure of the contents would harm an interest protected by Exemption 5's DPP.

74.     On September 20, 2021, the Forest Service released its third and final response to the Council's 2021 Requests, for which the agency stated that it had reviewed 3,569 pages of documents in addition to 2.47 GB of raw data, shape files, and data files. Of these responsive records, the Forest Service had determined that 31 pages could be released in their entirety. It fully withheld 3,303 pages and the 2.47 GB of responsive records (raw data, shape files, and data files) under Exemption 5's DPP.

75.     The Forest Service did not specifically identify any of the withheld records or explain with any particularity how FOIA's disclosure exemptions bar their release.

76.     To justify the nondisclosures, the Forest Service merely offered conclusory assertions that draft maps, draft correspondence, raw data, inter-agency and draft briefing paper discussions on decision making matters are deliberative internal processes and as such must be withheld pursuant to Exemption 5.

77.     The Forest Service withheld in full a total of 22,870 pages and 2.47 GB of raw data, shape files, and data files pursuant to Exemption 5's DPP.

78.     The Forest Service released a total of 14 pages fully redacted pursuant to Exemption 5's DPP, although it mischaracterized them as "partially redacted."

79.     The Forest Service did not include any information specific to any of the withheld or redacted 22,884 pages and 2.47 GB of raw data, shape files, and data files explaining why the deliberative process privilege applied to that particular record.

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

80.     The Forest Service did not segregate and release any non-exempt portions of responsive records withheld pursuant to Exemption 5's DPP. The 14 "partially" redacted pages were, in fact, entirely redacted, and the majority of the records—constituting thousands of pages—were withheld entirely.

81.     Concerned by the scope of the Forest Service's nondisclosure, the inadequacy of its justification, and the agency's complete failure to segregate and release non-exempt portions of the record, on November 18, 2021, the Council filed an administrative appeal contesting the determination of the 2021 Requests, numbers 2021-FS-R6-02689-F and 2021-FS-R6-03336-F.

82.     In its appeal, the Council noted that the Forest Service had not clearly demonstrated how any of the withheld or redacted documents were pre-decisional and deliberative.

83.     The Council also notified the Forest Service of its failure to segregate and release non-exempt portions of records withheld pursuant to Exemption 5's DPP.

84.     The Council's appeal explained that the Forest Service's actions violated FOIA and requested that it release the unlawfully withheld records.

85.     On November 22, 2021, the USDA acknowledged receipt of the Council's appeal in its Washington Office and assigned it control number **2022-FS-WO-00022-A** ("2021 Appeal"). The Forest Service did not provide an estimated completion date, nor did it request an extension of the 20-day statutory deadline for appeal responses.

86.     Under FOIA and the USDA's regulations, the final appeal resolution was due on December 22, 2021. *See* 5 U.S.C. § 552(a)(6)(A)(ii); 7 C.F.R. § 1.9(b).

87.     The USDA did not issue a final determination on the 2021 Appeal by December 22, 2021.

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

88.     On May 26, 2022, the Council contacted the USDA to request a status update and an estimated completion date for the 2021 Appeal. The USDA stated that it was providing all requesters with a generic estimated completion target formula of one year from the appeal date. In this instance, based on the November 18, 2021, USDA generically asserted an estimated completion date of November 18, 2022.

89.     As of the date this action was filed, over seven months have passed since the Council filed its 2021 Appeal, number 2022-FS-WO-00022-A.

90.     As of the date this action was filed, the USDA has failed to provide the Council with a written notice setting forth any unusual circumstances that would justify extension of the appeal determination deadline, as required by 5 U.S.C. § 552(a)(6)(B)(i).

91.     As of the date this action was filed, the USDA has failed to make a final determination resolving the Council's 2021 Appeal.

## ALLEGATIONS PERTAINING TO ALL REQUESTS AND APPEALS AT ISSUE HEREIN

92.     The filing of this lawsuit is necessary to compel Defendants to disclose all records that are responsive to Council's FOIA requests and appeals.

93.     Council's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

94.     No exceptional circumstances exist within the meaning of FOIA, 5 U.S.C. § 552(a)(6)(C), that would allow this Court to grant Defendants more time to review and disclose the requested records.

95.     Defendants have not exercised due diligence in searching for and releasing records responsive to Council's requests and appeals.

96.     The delays at issue in this case result from a predictable agency workload of FOIA requests. Defendants have not made reasonable progress in reducing its backlog of pending requests.

97.     The circumstances surrounding the withholding raise questions about whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

98.     Based on the nature of Council's professional activities, Council will continue to employ FOIA's provisions for information requests to Defendants in the foreseeable future. Indeed, Council has firm and definite plans to submit additional FOIA requests to Defendants in the near future. Council's professional activities will be adversely affected if Defendants are allowed to continue violating FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of Council's legal rights by this Court, Defendants will continue to violate the rights of Council to receive public records under FOIA.

99.     Council has been required to expend costs and to obtain the services of attorneys to prosecute this action.

**FIRST CLAIM FOR RELIEF**
**FREEDOM OF INFORMATION ACT:**
**DECISION DEADLINE VIOLATIONS**

100.    The Council re-alleges and incorporates by reference the allegations in all preceding paragraphs.

101.    The Council has a statutory right to have Defendants process its FOIA requests and appeals in a manner which complies with FOIA. Plaintiff's rights in this regard were violated when the Defendants unlawfully delayed their responses to its information requests and

COMPL. FOR DECLARATORY AND
INJUNCTIVE RELIEF - 18

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

appeals beyond the 20-day decision deadlines imposed by FOIA. 5 U.S.C. § 552(a)(6)(A)(i), (ii).

**102.**    Defendants are unlawfully withholding public disclosure of information sought by Plaintiff, information to which it is entitled and for which no valid disclosure exemption applies.

**103.**    The Council frequently relies on FOIA to obtain agency records used in its ongoing environmental advocacy and public education work.

**104.**    The Council's professional activities will be adversely affected if Defendants are allowed to continue violating FOIA's decision deadlines as they have in this case.

**105.**    Unless made subject to a declaration of the Council's legal rights by this Court, the Defendants will likely continue to violate the Council's right to have its record requests processed as required by FOIA.

**106.**    The Council is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**SECOND CLAIM FOR RELIEF**
**FREEDOM OF INFORMATION ACT:**
**CONSTRUCTIVE DENIAL OF FOIA REQUESTS AND**
**WITHHOLDING OF INFORMATION**

**107.**    The Council re-alleges and incorporates by reference the allegations in all preceding paragraphs.

**108.**    The Council has a statutory right to the records it seeks, which are "agency records" within the meaning of FOIA, and there is no legal basis for Defendants to assert that any of FOIA's nine disclosure exemptions apply to the records requested. *See* 5 U.S.C. § 552(b)(l)-(9).

**109.**    Defendants violated the Council's rights under FOIA by failing to comply with the Act's decision deadlines and to make a determination on the Council's FOIA requests and

appeals and by thus constructively withholding information responsive to the Council's FOIA requests and appeals.

110.    Based on the nature of the Council's professional activities, it will continue to employ FOIA's provisions for information requests to Defendants in the foreseeable future.

111.    The Council's professional activities will be adversely affected if Defendants are allowed to continue violating FOIA's disclosure provisions as it has in this case.

112.    Unless enjoined and made subject to a declaration of the Council's legal rights by this Court, Defendants will continue to violate the rights of the Council to receive public records under FOIA.

113.    The Council is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF
## FREEDOM OF INFORMATION ACT:
## UNLAWFUL APPLICATION OF DISCLOSURE EXEMPTIONS

114.    The Council re-alleges and incorporates by reference the allegations in all preceding paragraphs.

115.    The Council has a statutory right to the records it seeks, and there is no legal basis for Defendants to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

116.    Defendants have violated the Council's rights in this regard by unlawfully withholding information responsive to Plaintiff's FOIA requests based on the improper and overly broad application of FOIA's exemptions to mandatory information disclosure.

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2775*

117.    Based on the nature of the Council's professional activities, it will undoubtedly continue to employ FOIA's provisions in information requests to Defendants in the foreseeable future.

118.    The Council's professional activities will be adversely affected if Defendants are allowed to continue violating FOIA's disclosure provisions as it has in this case.

119.    Unless enjoined and made subject to a declaration of the Council's legal rights by this Court, Defendants will continue to violate Plaintiff's rights to receive public records under FOIA.

120.    The Council is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## FOURTH CLAIM FOR RELIEF
## FREEDOM OF INFORMATION ACT:
## FAILURE TO CONDUCT ADEQUATE SEARCH

121.    The Council re-alleges and incorporates by reference the allegations in all preceding paragraphs.

122.    FOIA requires federal agencies to respond to FOIA requests by conducting a search reasonably calculated to uncover all relevant documents. An agency must take into account leads and other positive indications that suggest other records might be located outside the scope of its original search.

123.    The Council has a statutory right to have the Forest Service process its FOIA requests in a manner that complies with FOIA.

124.    The Forest Service did not make reasonable efforts to search for the records requested by the Council in its 2015 and 2021 Requests.

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

**125.**    Defendant Forest Service violated the Council's statutory rights by failing to take reasonable efforts to search for responsive records.

**126.**    Unless enjoined and made subject to a declaration of the Council's legal rights by this Court, the Forest Service will continue to violate Plaintiff's statutory right to the records.

**127.**    The Council is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

<b><u>FIFTH CLAIM FOR RELIEF<br>FREEDOM OF INFORMATION ACT:<br>FAILURE TO PROVIDE REASONABLY SEGREGABLE PORTIONS OF ANY<br>OTHERWISE LAWFULLY EXEMPT RECORDS</u></b>

**128.**    The Council re-alleges and incorporates by reference the allegations in all preceding paragraphs.

**129.**    The Council has a statutory right to any reasonably segregable portion of a record containing information that is otherwise subject to any of FOIA's exemptions.

**130.**    To the extent that any of the records withheld from the Forest Service's response to the Council's FOIA requests are lawfully exempt from disclosure, the Forest Service failed to consider whether partial disclosure of the contents was possible and did not take the reasonable steps necessary to segregate and release any nonexempt information.

**131.**    The Forest Service violated the Council's rights by unlawfully withholding reasonably segregable portions of any otherwise lawfully exempt records that are responsive to the Plaintiff's FOIA Requests.

**132.**    Unless enjoined and made subject to a declaration of the Council's legal rights by this Court, the Forest Service will continue to violate the Council's statutory right to the records it requested in 2015 and 2021.

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

133.    The Council is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO PROVIDE AN ESTIMATED DATE ON WHICH THE AGENCY WILL COMPLETE ACTION ON PLAINTIFF'S FOIA REQUESTS AND APPEALS

134.    FOIA requires federal agencies to provide the requester with information about the status of the agency's response to an information request or appeal, including an estimated date on which the agency will complete action on the request or appeal. 5 U.S.C. § 552(a)(7)(B)(ii).

135.    The Council repeatedly asked Defendants for an estimated date on which Defendants would complete action on the Council's FOIA requests and appeals. In so doing, the Council constructively invoked 5 U.S.C. § 552(a)(7)(B)(ii).

136.    Defendants have repeatedly violated and continues to violate FOIA by failing to provide the Council with an estimated date of completion for the Council's requests and appeals.

137.    The Council is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### SEVENTH CLAIM FOR RELIEF
### VIOLATION OF FOIA AND THE APA:
### ENGAGING IN A PATTERN, PRACTICE OR POLICY OF UNLAWFUL CONDUCT OF FAILURE TO PROVIDE ESTIMATED COMPLETION DATES

138.    The Council hereby incorporates by reference the allegations in the preceding paragraphs.

139.    Defendants have adopted and is engaged in a pattern, practice or policy of violating FOIA's procedural requirements when processing FOIA requests or associated appeals

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

by repeatedly refusing to issue an estimated date on which it will complete action on information requests or associated appeals as required by 5 U.S.C. § 552(a)(7)(B)(ii).

140.    Defendants are required by FOIA and the APA to respond to public information requests in a manner that discharges certain non-discretionary duties and to carry out its statutory duties in a manner that is not arbitrary, capricious or an abuse of discretion and not in accordance with law.

141.    In this case Defendants have engaged in a pattern, practice or policy of violating FOIA in responding to the Council's information requests or appeals by its failure to provide estimated dates by which they would be completed.

142.    Defendants' pattern, practice or policy of failing to provide estimated completion dates for processing information requests or associated appeals violates the intent and purpose of FOIA.

143.    Defendants' patterns, practices or policies for processing FOIA requests and appeals have resulted in violations of the Council's rights to the lawful implementation of FOIA as alleged above.

144.    Additionally, Defendants' patterns, practices or policies for processing FOIA requests and appeals are likely to result in future violations of FOIA that will harm the Council and its members because the Council is likely to continue seeking public records from Defendant.

145.    Defendants' patterns, practices or policies of unlawful conduct in violation of FOIA's clear requirement to issue an estimated date on which it will complete action on information requests or associated appeals is likely to recur absent intervention by this Court.

146.    Defendants' pattern, practice or policy exists, whether formal or informal in

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

nature.

**147.**    FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel Defendants to comply with the clear requirements of FOIA and prevent it from continuing to apply its unlawful FOIA pattern, practice or policy.

**148.**    The Council is entitled to a declaration that Defendants' actions violated FOIA and to an injunction barring Defendants from violating FOIA in the future when responding to the Council's FOIA requests or associated appeals. Whether made under FOIA or the APA, declaratory or injunctive relief will clarify and settle the legal relations at issue and afford relief from the uncertainty and controversy giving rise to these proceedings.

**149.**    Defendants' unlawful patterns, practices or policies of violating FOIA when responding to the Council's FOIA requests or associated appeals entitles the Council to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

## EIGHTH CLAIM FOR RELIEF
## ADMINISTRATIVE PROCEDURE ACT

### (In the Alternative to Claims One Through Six)

**150.**    The Council re-alleges and incorporates by reference the allegations in all preceding paragraphs.

**151.**    Defendants have failed to act in an official capacity under color of legal authority by violating FOIA through its failure and refusal to: (1) issue a timely final determination of Council's FOIA requests and appeals; and; (2) provide the Council with specific and accurate estimated completion dates for its FOIA requests and appeals.

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

152.    Defendants have unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) issue a timely final determination of the Council's FOIA requests and appeals; and (2) provide the Council with specific and accurate estimated completion dates for its FOIA requests and appeals.

153.    The Council has been adversely affected by and suffered a legal wrong as the result of Defendants' failure to comply with the mandates of FOIA, which constitutes a violation of the Defendants' statutory duties under the APA.

154.    Defendants' failures and refusals to comply with the mandates of FOIA constitute agency action unlawfully withheld and unreasonably delayed and are therefore actionable pursuant to the APA.

155.    The Council is entitled to judicial review under the APA. 5 U.S.C. §§ 702, 706.

156.    The Council is entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectively requests that this Court:

A.    Order Defendants to immediately comply with FOIA by disclosing to Plaintiff all non-exempt records sought in Plaintiff's 2015 and 2021 Requests and associated appeals;

B.    Declare that Defendants have violated FOIA—or, in the alternative, the APA—for the reasons set forth above;

C.    Award to Plaintiff its costs of litigation, including reasonable attorneys' fees pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, 28 U.S.C. § 2412, or other applicable authorities;

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*

D.      Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

E.      Provide such other relief as the Court deems just and proper.


DATED this 7th day of July, 2022.

Respectfully submitted,

s/ Erin Hogan-Freemole
Erin Hogan-Freemole, OSB # 212850
Crag Law Center
3141 E. Burnside St.
Portland, Oregon 97214
971-417-6851
erin@crag.org

s/ David A. Bahr
David A. Bahr OSB # 901990
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439
davebahr@mindspring.com

*Plaintiff's Counsel*

COMPL. FOR DECLARATORY AND
INJUNCTIVE RELIEF - 27

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2725*